# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00757-CR

**Michael Sanchez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. C-1-CR-08-501063, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On October 29, 2008, Michael Sanchez was convicted based on his plea of nolo contendere assault with bodily injury (family violence) and was sentenced to 120 days in jail. The record does not contain a motion for new trial. His notice of appeal was due thirty days later on December 1, 2008.[1] *See* Tex R. App. P. 26.2(a)(1). Sanchez filed a notice of appeal on December 5, 2008.[2] The record does not contain a motion to extend time to file the notice of appeal. Sanchez's notice of appeal was filed late.

Sanchez recites in his notice of appeal that sentence was imposed against him on November 25, 2008, but the documents in the clerk's record do not support that assertion.

---

[1] Because the notice was due November 28, 2008, the day-after-Thanksgiving holiday, the deadline extended to Monday, December 1, 2008. *See* Tex. R. App. P. 4.1.

[2] Sanchez originally filed his notice of appeal with the district clerk on Friday, December 5, 2008. The notice was filed with the county clerk on Monday, December 8, 2008.

Defendant's Plea of Guilty, Nolo Contendere, Waiver & Stipulation was signed and dated October 29, 2008, by Sanchez and others. The judgment and sentence recite that, "On this the 29th day of October, 2008, this cause was called for trial." It further recites that Sanchez pleaded nolo contendere and the trial court found him guilty. Sanchez's attorney filed his Request for Payment for Services Rendered as Court Appointed Counsel on October 29, 2008, reciting that the "Final Case Disposition" was a plea. The court's docket sheet entries state that Sanchez pleaded nolo contendere and was sentenced on October 29, 2008. The Trial Court's Certification of Defendant's Right of Appeal recites that "the notice of appeal was not timely filed, and **the defendant has NO right of appeal.**" (Emphasis in original.) We conclude that the judgment was entered and sentence imposed and signed on October 29, 2008. Sanchez filed his notice of appeal on December 8, 2008, more than thirty days after the sentence was imposed. Accordingly, we conclude that Sanchez's notice of appeal was not timely filed. *See* Tex. R. App. P. 26.2(a)(1).

We dismiss this appeal because the notice of appeal was not timely filed and because the record lacks a certification that shows he has a right of appeal. *See* Tex. R. App. P. 25.2(d), 26.2.

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Dismissed

Filed: April 2, 2009

Do Not Publish

2